# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re the Matter of Wilma L. Leasure, a Vulnerable Adult,

ESTATE OF WILMA·L: LEASURE,

Respondent,

v.

JACQUELINE S. FRIEDLEY and STEPHEN H. FRIEDLEY,

Defendants,

ERIN C. SPERGER,

Appellant.

DIVISION ONE

No. 77953-2-I

UNPUBLISHED OPINION

FILED: June 17, 2019

DWYER, J. — A trial court imposed Civil Rule (CR) 11 sanctions against attorney Erin Sperger, who provided "unbundled" legal services to pro se parties in their appeal of a vulnerable adult protection order. Because the sanctions imposed exceeded the trial court's authority, we reverse the trial court's order.

I

In 2015, Wilma Leasure filed a petition for a vulnerable adult protection order on her own behalf, represented by attorney Sarah Atwood. The petition named Leasure's daughter and son-in-law, Jacqueline and Stephen Friedley, as respondents.

The Friedleys appeared pro se at the trial on the petition. At the end of the first day of trial, the parties reached a settlement. The Friedleys stipulated to

the entry of a protection order and an award of damages and attorney fees in favor of Leasure. On October 18, 2016, the trial court entered findings of fact and conclusions of law consistent with the Friedleys' stipulations.

The Friedleys nevertheless appealed. On February 15, 2017, Leasure moved in this court to dismiss the appeal, arguing that the trial court's orders were not appealable given the Friedleys' stipulations and that the Friedleys had failed to comply with appellate procedural requirements. Leasure sought an award of attorney fees and costs incurred in the appeal as sanctions.[1]

On or about March 8, 2017, the Friedleys filed a grievance with the Washington State Bar Association against Atwood. The Friedleys were assisted in filing the grievance by attorney Erin Sperger, pursuant to an "unbundled" legal services agreement.[2] According to Sperger, she provided "limited" assistance to the Friedleys, consisting of drafting the allegations in the grievance form, providing documents that she suggested the Friedleys attach to the grievance, and explaining how and where to file it.

On April 28, 2017, the Friedleys' response to Leasure's motion to dismiss was filed in this court. They argued that the protection order was void because Atwood had fraudulently obtained power of attorney over Leasure's financial affairs. The response referenced the pending bar grievance. Sperger also assisted the Friedleys by ghostwriting the response and providing it to the Friedleys "to edit and revise as needed."

---

[1] The Estate attached the motion, along with several other documents, as an appendix to its response brief. As a general rule, we do not consider any documents in an appendix that were not part of the record below. See RAP 10.3(a)(8).

[2] Sperger never appeared as counsel of record at any stage of this proceeding.

Leasure passed away on or about May 4, 2017. Leasure's estate (the Estate) filed a second motion to dismiss the appeal, arguing that it was moot due to Leasure's death. The Estate renewed the request for sanctions against both the Friedleys and Sperger.

A commissioner of this court ultimately dismissed the Friedleys' appeal for failure to perfect the record. The commissioner denied the Estate's request for sanctions "without prejudice for them to seek relief in the trial court."

The Estate accordingly filed a motion in the trial court for an award of attorney fees and costs incurred in the appeal as sanctions against Sperger and the Friedleys. The Estate asserted that Sperger knew many of the assertions in the grievance and the response to be false, thereby violating CR 11(b), RAP 18.9(a), and RPC 3.3(a)(1) and (4).[3]

The trial court imposed attorney fees and costs against Sperger and the Friedleys. The trial court made findings of fact as follows:

> 2.1 The Estate's (Respondent on appeal) attorney's fees and costs were reasonable and necessary, and should be awarded as CR 11 sanctions against Jacqueline S. Friedley and Stephen H. Friedley; and Erin C. Sperger.
>
> 2.2 Attorney Erin C. Sperger represented the Friedleys (Appellants) in the Appeal, and she selected, drafted and completed legal documents in the Appeal against Mrs. Leasure, including the Grievance against Ms. Atwood and the Friedleys' Response, which is attached to the Estate's Motion as Exhibit 5.
>
> 2.3 To stop the dismissal of the appeal Friedley's attorney Erin Sperger drafted both the baseless Grievance No. 17-00371 and the Appellants Friedley's Response filed with the Appellate Court. These documents filed by an otherwise self-represented person

---

[3] Sperger sent a letter to the trial court, acknowledging receipt of the motion. However, Sperger stated that she did not plan to respond to the motion unless specifically requested to do so, as she was neither a party nor an attorney of record.

contained false statements of fact but offered as factual evidence Ms. Sperger knew and knows to be false. She and the Friedleys failed to correct or withdraw any of them, although asked to, and violated CR 11, and RAP 18.9(a). Ms. Sperger's failures violate RPC 3.3(a)(1), (4). Ms. Sperger has never proffered any factual allegations or legal analysis to support her bare assertion her legal work she drafted was in compliance with CR 11(b).

2.4 The Court's Minutes and trial court's rulings categorically refute Ms. Sperger's allegations of misconduct by Judge Benton, because there were no total exclusionary rulings to bar all of Friedleys' witnesses and exhibits.

2.5 The Court's transcript and examination of the Stipulations executed on three different dates would refute Ms. Sperger's allegations of misconduct by Judge Benton "ordering" a settlement, and refute those posed against Ms. Atwood as two stipulations were not signed in one day, nor in any hallway. And, refute that Ms. Atwood did not "demand" the Friedleys sign any stipulation or threaten any "criminal charges" if the Friedleys did not sign.

2.6 King County Superior Court Clerk's office transmits the same day an email with the digital recording of a hearing to any person paying ten dollars ($10.00). It is well within a reasonable inquiry by Ms. Sperger to inquire into either the trial docket that listed Friedleys exhibits entered or the trial minutes. Ms. Sperger should also have obtained a digital recording to satisfy CR 11(b). She did not. CR 11 Sanctions should therefore be awarded.

2.7 There is no question that the Friedleys abused the court rules and procedures in the Appeal by not heeding any of the Court Orders issued to them to provide a transcript of the trial or to designate clerk's papers. (See Exhibit 6 to Estate's Motion, August 4, 2017 decision terminating review). CR 11 Sanctions should therefore be awarded.

2.8 The Estate should be awarded the actual attorney's fees for the dismissed Appeal process through to the time of the hearing(s) on this Fee Application as a CR 11 sanction against Mr. and Mrs. Friedley and Ms. Sperger and be reduced to a joint and several judgment.

The court entered a judgment in the amount of $7,505.73.

Sperger filed a motion for reconsideration. Ironically, the court denied reconsideration on the ground that Sperger was not a party to the action. Sperger appeals.[4]

II

Sperger contends that the trial court erred in imposing sanctions against her pursuant to CR 11(b) for her involvement in the Friedleys' appeal. We agree.

CR 11(b) specifies the obligations for an attorney who assists an otherwise self-represented person to draft a pleading filed with the court.

> In helping to draft a pleading, motion or document filed by the otherwise self-represented person, the attorney certifies that the attorney has read the pleading, motion, or legal memorandum, and that to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is well grounded in fact, (2) it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. The attorney in providing such drafting assistance may rely on the otherwise self-represented person's representation of facts, unless the attorney has reason to believe that such representations are false or materially insufficient, in which instance the attorney shall make an independent reasonable inquiry into the facts.

CR 11(b). But the superior court civil rules apply only to superior court actions. See CR 1 ("These rules govern the procedure in the superior court in all suits of a civil nature."). Therefore, only papers signed and filed in superior court can

---

[4] The Estate argues that because Sperger did not respond to its motion for sanctions below, she has waived her right to challenge them on appeal. Because Sperger contends that the Estate did not establish facts upon which relief could be granted against her, we exercise our discretion under RAP 2.5(a)(2) and address this case on the merits.

form the basis for a CR 11 claim. The conduct the trial court found sanctionable occurred in the context of proceedings in the Court of Appeals. The trial court lacked authority to impose CR 11 sanctions for Sperger's actions in this court.

III

Sperger next contends that the trial court erred in ordering sanctions against her pursuant to RAP 18.9.[5] Setting aside the question of whether a trial court may impose sanctions pursuant to the appellate rules when not specifically directed to do so pursuant to RAP 18.1(i), we conclude that RAP 18.9 does not contemplate sanctions against a member of the bar association who is not acting as an attorney of record.

RAP 18.9 allows an appellate court to impose sanctions for delay, filing a frivolous appeal, or noncompliance with the appellate rules. RAP 18.9(a). The rule specifies that sanctions may be imposed against "a party or counsel, or a court reporter or authorized transcriptionist preparing a verbatim report of proceedings." RAP 18.9(a). Under the maxim expressio unius est exclusio alterius, where a court rule or statute "specifically designates the things or classes of things upon which it operates, an inference arises in law that all things or classes of things omitted from it were intentionally omitted." Wash. Nat. Gas Co. v. Pub. Util. Dist. No. 1 of Snohomish County, 77 Wn.2d 94, 98, 459 P.2d 633 (1969). Thus, the rule does not permit sanctions to be imposed against anyone other than a party, counsel, court reporter or transcriptionist.

---

[5] The trial court's order indicates that sanctions were imposed pursuant to CR 11. However, we address Sperger's claim to the extent that the trial court's single reference to RAP 18.9 can be construed as an independent basis for imposing sanctions.

Sperger was not any of these things. Both the grievance and the response are signed by the Friedleys themselves, not Sperger. Sperger never entered a notice of appearance on behalf of the Friedleys. And she certified to Atwood that she did not, and did not plan to, represent the Friedleys. None of Sperger's actions constituted an appearance as counsel of record. See CR 4.2 ("Providing limited representation of a person under these rules shall not constitute an entry of appearance by the attorney."). The trial court erred to the extent that it imposed sanctions pursuant to RAP 18.9.

IV

Finally, Sperger argues that the trial court lacked authority to sanction her based on violations of RPC 3.3(a)(1) and (4). Sperger is correct that CR 11 does not cover papers signed and filed with the bar association. Rather, it covers only such papers signed and filed in superior courts. Similarly, the rules of appellate procedure do not govern the filing of papers with the bar association.

Sperger is also correct that a trial court may not impose sanctions for violations of the RPCs. Pursuant to its inherent disciplinary power, the Washington Supreme Court has authorized lower courts to impose certain "public remedies" for RPC violations in the context of ongoing litigation. Chism v. Tri-State Constr., Inc., 193 Wn. App. 818, 840, 374 P.3d 193 (2016). While these remedies may include disgorgement of fees, there is no authority to support a trial court's imposition of sanctions as a penalty for lawyer misconduct.

V

The Estate requests attorney fees and costs on appeal for having to defend against a frivolous appeal, citing RAP 18.1, RAP 18.9, CR 11, and RCW 4.84.185. Because the issues presented in this appeal are not frivolous, we deny the Estate's request.

Reversed.[6]

_Dwyer, J._

We concur:

_Andrus, J._

_Schindler, J._

---

[6] Given our disposition in this case, we do not address Sperger's arguments involving personal jurisdiction and standing.